**CITY OF BILOXI, MISSISSIPPI, Plaintiff,**

**v.**

**Honorable Louis O. GIUFFRIDA, et al., Defendants.**

**Civ. A. No. S84–0121(R).**

United States District Court, S.D. Mississippi, S.D.

April 9, 1985.

Keith Pisarich, Biloxi, Miss., for plaintiff.

Peter H. Barrett, Asst. U.S. Atty., Biloxi, Miss., C. Max Vassanelli, Dennis G. Linder, Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This cause is presently before the Court on the defendant's motion to dismiss, or in the alternative for summary judgment. After careful review of the submitted briefs and pleadings, the following undisputed facts are revealed:

1. The City of Biloxi voluntarily entered the National Flood Insurance Program (NFIP) on September 11, 1970. On August 12, 1981, the City was informed by the Federal Emergency Management Agency (FEMA) that a flood insurance study was being completed for the community and that the data developed would be used as a basis for participation in the NFIP. The City was informed that FEMA had selected the firm of GEE and Jensen, Inc. to conduct the study for the community. The City was also informed that a ninety-day appeal period would be provided to the City prior to finalizing the flood elevations. There was also communication between the City and the private consulting firm on the study being prepared. On June 8, 1982, a draft of the study for the City prepared by the independent contractor was forwarded to FEMA. On November 30, 1982, FEMA notified the City that a final community coordination meeting would be held on December 15, 1982, to review the Flood Insurance Study. The meeting was held on December 15, 1982, and the Study for the Community was reviewed.

2. On January 19, 1983, FEMA notified the City of Biloxi that the City's base flood elevations would be revised as a result of a flood insurance study previously compiled.

The City was also advised that public notification of the study would be made and that the City could appeal the proposed flood determination during a ninety-day period following publication. The City was advised that the *sole* basis for such appeals was the possession of knowledge or information indicating that the proposed base flood determination were scientifically incorrect. FEMA also told the City that if the community could not submit technical data before the end of the ninety-day appeal period, it could nevertheless submit such data at any time.

3. On February 7, 1983, the City sought from FEMA an extension of the ninety-day appeal period.

4. On March 18, 1983, FEMA responded that the ninety-day appeal period was statutory and therefore could not be extended. However, the City could appeal a final study at any time by submitting additional scientific and technical data.

5. On May 17, 1983, prior to the expiration of the ninety-day appeal period, the City filed a purported "appeal" of the base flood elevations.

6. On June 23, 1983, FEMA informed the City that the appeal was deficient in that it did not contain technical or scientific data to refute FEMA's flood insurance study. The City was informed specifically that a published study may be revised at any time by submitting supporting scientific or technical data. Once received, FEMA would revise the study and Flood Insurance Rate Map (FIRM).

7. On September 15, 1983, the City was advised that since FEMA did not receive an appropriate appeal, the determination of the base flood elevations for the City was considered final and the FIRM would become effective on March 15, 1984.

8. On February 8, 1984, the City filed its complaint in this action seeking a declaratory judgment that the statutory ninety-day appeal is unconstitutional because it violates the City's rights under the equal protection and the due process clauses of the Constitution.

Plaintiff alleges that the statutory period of ninety days within which to gather and assemble scientific or technical data is unreasonable, arbitrary and capricious in that it does not allow enough time for the City to adequately research and develop its appeal.

## I. THE NINETY–DAY STATUTORY APPEAL PERIOD IS CONSTITUTIONAL.

■ The plaintiff bears a heavy burden of proof in demonstrating that the statute is unconstitutional. It must be proven that the statute is without any rational basis and is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Western Mineral Council v. Watt,* 643 F.2d 618, 628 (9th Cir.1981). Legislative acts which adjust the burdens and benefits of economic life enjoy a presumption of constitutionality. *Hodel v. Indiana,* 452 U.S. 314, 323 (1981).

■ The plaintiff bases its constitutional challenge on the sole fact that FEMA had at least eighteen months to conduct its study of the Biloxi area, whereas the City was only allowed ninety days to research and develop a scientific and technical appeal.

The appeal process received close scrutiny by Congress as is reflected in the legislative history of 42 U.S.C. § 4104. As stated in S.Rep. No. 93–583, 15–16, U.S.Code Cong. & Admin.News 1973, p. 3217, it was the subject of considerable discussion and debate to assure an equitable balancing of all interests involved.

The ninety-day appeal period was not chosen randomly, but determined by Congress to be capable of "carefully protecting the interests of those affected [while] avoid[ing] the pitfall of permitting those unnecessary delays and self interested procrastinations which would make the flood insurance program unworkable." Cong. Rec. 11–42885, December 20, 1973. *See also Texas Landowners Rights Assoc. v. Harris,* 453 F.Supp. 1025 (D.C.1978).

It is also noted that although Congress has limited the appeal period to ninety days, FEMA will accept an appeal of its flood elevations at any time, even beyond the ninety-day period. FEMA made this fact known to the City on a number of occasions beginning on November 30, 1982.

After considering the basis of the plaintiff's argument, and viewing the facts in a light most favorable to it, it is the opinion of this Court that the plaintiff cannot meet its burden in proving that the appeal period is violative of due process or without rational basis.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW THE CITY OF BILOXI'S ATTEMPTED APPEAL OF FEMA'S DECISION.

■ The National Flood Insurance Program has two principal functions: (1) to offer flood insurance at affordable rates to persons living within flood-prone areas throughout the United States and (2) to mitigate flood hazards in those areas with respect to future construction. The firm of GEE and Jensen, Inc. established the areas of special flood hazards within the Biloxi community for which the City must enact flood plain management ordinances in accordance with the Federal Insurance Administration's regulations to participate in the National Flood Insurance Program.

Under 42 U.S.C. § 4104(b), a community, after having been notified of the proposed flood elevation determination, has a limited right to appeal:

"... The sole basis for such appeal shall be the possession of knowledge or information indicating that the elevations being proposed by the Director with respect to an identified area having special flood hazards are scientifically or technically incorrect, and the sole relief which shall be granted under the authority of this section in the event that such appeal is sustained in accordance with subsection (e) or (f) of this section is a modification of the Director's proposed determination accordingly."

*Id.* 42 U.S.C. § 4104(e) states the appropriate administrative review of such an appeal by a community as well as the methodology for the resolution of conflicting data:

"Upon appeal by any community, as provided by this section, the Director shall review and take fully into account any technical or scientific data submitted by the community that tend to negate or contradict the information upon which his proposed determination is based. The Director shall resolve such appeal by consultation with officials of the local government involved, by administrative hearing, or by submission of the conflicting data to an independent scientific body or appropriate Federal agency for advice...."

*Id.*

A careful reading of statute reveals a two-step process. (1) The community submits contradictory scientific or technical data, and (2) The Director resolves the conflict by one of three procedures.

The City contends that on February 18, 1983, it was notified by the Federal Emergency Management Agency that Biloxi's base flood elevation would be revised as a result of a flood insurance study. On May 18, 1983, the City of Biloxi delivered its initial appeal papers citing what it contends to be several technical errors or deficiencies with the new flood elevations. In particular, the appeal alleged the following errors:

1. The computed wave heights and crescent elevations for transits 9 and 10 which did not properly account for the effects of Deer Island;

2. The use of wave statistics which are inappropriate for waves in the very shallow water depths encountered along transets 1 through 8;

3. Neglecting the effect of the unique characteristics of the bottom sediments in Mississippi Sound; and

4. Errors in the NAS methodology concerning wave generation on the leeside of obstructions which were not corrected for the flood insurance study.

These four allegations on which an appeal was based went unsubstantiated without any scientific or technical evidence being submitted to question the study's accuracy. As such, this Court finds that the City of Biloxi failed to take an administrative appeal as required by 42 U.S.C. § 4104(b) and (e). Having failed to meet the prerequisite of step one (the submission of scientific or technical data) the City is not entitled to the administrative resolution of the conflict provided by step two.

As cited in *Reardon v. Krimm*, 541 F.Supp. 187, 189 (D.Kans.1982):

> "The City is attempting just the sort of unlimited appeal which the language of the Act forecloses. The Act limits appeals to issues of technical and scientific accuracy of the base flood level determinations. 42 U.S.C. § 4104. The limitation on appeals was the product of more debate and testimony than any other portion of the Act when it was being considered in Congress. 1973 U.S.Code and Adm.News, p. 3217. The decision by Congress to adopt such a limited scope of appeal was, therefore, not a hasty one, nor is it one which may be overlooked by the Court...
>
> In light of the fact that the City did not challenge the flood elevations on the basis of their scientific and technical accuracy at the administrative level, the Court concludes there was no appeal at the administrative level, as that term is defined by subsections (c), (d) and (e) of 42 U.S.C. § 4104. Inasmuch as an administrative appeal is a prerequisite to this Court's jurisdiction [42 U.S.C. § 4104(F)], the City's appeal must be dismissed for lack of jurisdiction."

It should be noted that even had the City perfected an appropriate appeal, this Court would still lack subject matter jurisdiction over the case for the City failed to comply with 42 U.S.C. § 4104(g):

> "Any appellant aggrieved by any final determination of the Director upon administrative appeal, as provided by this section, may appeal such determination to the United States district court for the district within which the community is located not more than *sixty days* after receipt of notice of such determination...." (emphasis added).

The City states in its response brief that it received a letter from FEMA dated June 28, 1983 in which the City of Biloxi was notified that its initial appeal papers were not adequate. On September 15, 1983, the City was again advised that since FEMA did not receive an appropriate appeal, the determination of the base flood elevations for the City was considered final.

In a light most favorable to the plaintiff, the sixty-day appeal period would have expired November 16, 1983. Plaintiff did not file its complaint until February 8, 1984. "Where a party fails to meet the statutory prerequisites for judicial review of administrative action, the Court lacks subject matter jurisdiction to hear the case." *City of Trenton v. Federal Emergency Management*, 545 F.Supp. 13, 17 (E.D.Mich.1981). Accordingly, this Court is of the opinion that it lacks subject matter jurisdiction over this action.

Therefore, for this reason and for those previously stated, the plaintiff's cause of action is hereby dismissed.

An Order in accordance with this Opinion shall be provided as set forth in the Local Rules.